[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiffs, Robert A. Cross and Fred Sherbacow against SE Investment, a/k/a SE Investments, Edwin L. Baum and Steven Eckhouse. The first count alleges a loan from Robert A. Cross and his wife to the defendant SE Investment Company, a Connecticut general partnership consisting of the defendant Edwin L. Baum and the defendant Steven A. Eckhouse. Mrs. Cross assigned all of her interest in this loan to her husband, Robert A. Cross. (Plaintiffs' Exhibit 6). The loan balance principal on June 20, 1990 was $99,100.00. (Plaintiffs' Exhibit 3). The date of June 20, 1990 is significant because it was on that date that the defendant SE Investment executed a note payable to Regional Holding Company, Inc. in the principal amount of $1,915,000.00 which was the sum total of the defendants obligation to all of its investors including the two plaintiffs in this action in the particular investment operation, operated and controlled by the defendants Baum and Eckhouse.
The second count is a claim by the plaintiff Fred Sherbacow for a similar loan made to the defendants on his own behalf and on behalf of Fanny Comen who eventually assigned her interest to Fred Sherbacow. (Plaintiffs' Exhibit 5). As of June 20, 1990, the balance due on the loan was $441,500.00 to Fred Sherbacow (Plaintiffs' Exhibit 3) and $20,200.00 to Fanny Comen (Plaintiffs' Exhibit 3) or assignee.
Plaintiff Robert A. Cross claims the amount presently due and owing as of August 25, 1995 is $140,382.35 (Plaintiffs' Exhibit 24) including interest and plaintiff Fred Sherbacow claims the amount of $652,236.66 including Fanny Comen's loan (Plaintiffs' Exhibit 12) through August 24, 1995.
In response to these claims, the defendant have claimed by way of the first special defense that the plaintiff's have been paid in full by the creation of a Trust Instrument CT Page 11021 on June 20, 1990 and that the Statute of Limitations of three years is a further bar of action.
As evidence of payment the defendants claim the Trust Instrument executed on June 20, 1990 (Plaintiffs' Exhibit 3) represented "payment-in-kind" and was a substitute for the payment of money. The defendants had caused to be transferred into the trust all of the various properties, either in the form of deeds or mortgage assignments for the purpose of insulating and isolating these assets from the claims of general creditors. Testimony indicated that neither the plaintiffs nor other investors had consented to these transfers and were, in fact, never told about the creations of the trust and the transfer of title until everything had been accomplished. This claim of payment in full is farther contradicted by the defendant's own acknowledgement that payments were made subsequent to June 20, 1990 to several of the investors to reduce the debts. Lack of participation on the plaintiffs part under the attempts of the defendants to convert their liability into one of no liability is a useless attempt on their part and in no way affects the value of the basic claim of the plaintiffs herein. Money was loaned and remains owing. All transactions conducted by the defendants were a sham and a frivolous attempt to avoid legitimate claims for monies due.
With respect to the three year statute of limitations (§ 52-501), that statute is inapplicable in this case which deals with a liquidated debt. The applicable statute is §52-576(a) which established a six year period of time for enforcement. Because payments were made as late as August, 1990 the six years would not expire until August of 1996.
The plaintiffs seek to enforce collection of interest at the legal rate of ten percent as provided by C.G.S. § 37-3d, which the court finds to be the appropriate rate and so grants in accordance with the testimony offered in the trial of the case by Gerald E. King.
The defendants' strongest defense was that all the beneficiaries of the trust were, in fact, partners for Regional Holding Company. To support this claim the defendants requested the court to actually examine the activities of some of the plaintiffs and their so-called partners in the operation of the claimed partnership. Meeting with fellow members of the trust, viewing certain properties in person, initiating the sale of at CT Page 11022 least one asset and the individual receipt of the Schedule K-1 form on an annual basis are claims of the defendants to support the claim of a partnership. However, as the plaintiffs brief points out, "there is no suggestion that the plaintiffs Robert A. Cross and Fred Sherbacow intended to carry on a business as co-owners. They didn't even know they were "partners" until years after defendants claim the partnership was formed."
All payments made were applied to the outstanding debt. It should be noted that the earliest K-1s were distributed in the first quarter of 1992. (Defendants' Exhibit 1). The court finds that the plaintiffs were not members of the entity known as Regional Holding Company.
With respect the Count Three of the plaintiffs' complaint (CUTPA), the court finds that although the defendants were engaged in a trade or business within the meaning of C.G.S. § 42-110a, their activities do not rise to the level of unfair or deceptive trade practices within the meaning of C.G.S. § 42-110d. Neither the promise to repay a loan nor the breach of said promise is an unfair or deceptive trade practice. The evidence shows that prior to August, 1990 the named defendants paid interest on all of its loans for many years, repaid principal balances, or portion thereof, etc. This entire business affair was simply one that failed due to the collapse of general financial conditions commencing in the late 1980's and continuing into the 1990's — "A business deal gone sour."
For this reason, the third court is found in favor of the defendant. With respect to the first count, the court finds in favor of the plaintiff Robert A. Cross in the amount of $140,382.35 including interest through August 25, 1995. (Plaintiffs' Exhibit 24).
With respect to the second count of the plaintiffs' complaint, the court finds in favor of the plaintiff Fred Sherbacow in the amount of $652,236.66 through August 24, 1995. (Plaintiffs' Exhibit 12).
With respect to the counter claim field by the defendants, the court finds no evidentiary basis to sustain their claim and finds in favor of the plaintiffs Robert A. Cross and Fred Sherbacow. CT Page 11023
Finally, the plaintiffs are seeking attorney's fees under § 241 of the Connecticut Practice Book, which states:
 "If a party fails to admit the genuineness of any document or the truth of any matter as requested herein, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that such failure to admit was reasonable.
The plaintiffs' attorney has submitted an affidavit of attorney's fees to the court for review and the court will conduct an evidentiary hearing concerning the matter set forth therein within the near future and hear argument from counsel concerning the claim.
Judgment may enter accordingly.
HARRY N. JACKWAY STATE TRIAL REFEREE